opinion. Rabin, P. J., Munder, Latham and Christ, JJ., concur; Shapiro, J., not voting.

In the Matter of WILLIAM R. O'LEARY, Appellant, v. EVERETT F. MCNAB et al., Constituting the Board of Elections of the County of Suffolk, Respondents.— In a proceeding to validate petition designating appellant as a candidate in the Republican Party Primary Election to be held on June 20, 1972 for the public office of Member of the Assembly for the 1st Assembly District, the appeal is from a judgment of the Supreme Court, Suffolk County, entered June 13, 1972, which affirmed a determination of the respondent Board of Elections that the designating petition was invalid. Judgment affirmed, without costs. No opinion. Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.

## (June 16, 1972)

FRANCES M. ROTH, Respondent-Appellant, v. NORMAN R. ROTH, Appellant-Respondent.— Motion by respondent-appellant to clarify the opinion and order of this court, both dated May 22, 1972 (39 A D 2d 765), by amending same to provide that the increase therein for child support be made effective from the date of the granting of the amended judgment of separation, namely, October 22, 1971. Motion denied as unnecessary; any modifimation by this court speaks as of the date that the order or judgment appealed from was made, absent any declaration to the contrary. Munder, Acting P. J., Martuscello, Latham, Gulotta and Christ, JJ., concur.

## (June 19, 1972)

BIBEAU CONSTRUCTION CO., INC., Respondent, v. HAUSER BROS., INC., Appellant, et al., Defendant.— In an action to foreclose a mechanic's lien for a public improvement, defendant Hauser Brothers, Inc., appeals from a judgment of the Supreme Court, Rockland County, entered October 22, 1971 after a nonjury trial, against it and in favor of plaintiff for $33,734.93 plus interest, costs and disbursements, with direction to the Rockland County Treasurer to remit to plaintiff $13,862.98, less his charges, which sum was held by him to the credit of the action. Judgment modified, on the law and the facts, by reducing the principal award to plaintiff from $33,734.93 to $13,311.73 and accordingly reducing the amount allowed as interest and the total amount of the judgment. As so modified, judgment affirmed, without costs. In our opinion there is no basis for a recovery by plaintiff, a subcontractor for the excavation and installation of underground utilities, against appellant, the prime plumbing contractor, from which plaintiff subcontracted its work. Plaintiff seeks to hold appellant liable for "extra" excavation it performed when Mardan Construction Corporation, another prime contractor on the project, failed to properly grade the job site in accordance with the specifications in the construction plans. Such "extra" excavation was performed without the authorization of appellant and even after appellant had written as follows to plaintiff: "Please do not do any extra work on the * * * project unless you receive a written order from us. If you do, it will be your responsibility, not ours." Under such circumstances we find no justification for imposing liability for the "extra" excavation upon appellant. This is especially so where the claimed "extra" excavation did not benefit appellant. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.